So Ordered.

Signed this 20 day of December, 2019.

_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK<br>ALBANY DIVISION<br>IN RE<br><br>DANA M. HEINES<br><br>DEBTOR | HEARING DATE: December 19, 2019<br>HEARING TIME: 10:00am<br>HEARING PLACE: Albany<br><br>CHAPTER 13<br><br>CASE NO. 19-11009-1-rel<br><br>JUDGE: Robert E. Littlefield, Jr. |

**ORDER PURSUANT TO 11 U.S.C. § 362(d)(4)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated October 14, 2019 (the "Motion"), of Select Portfolio Servicing, Inc. as servicer for The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, (with any subsequent successor or assign, the "Secured Creditor"), for an order, pursuant to 11 U.S.C. § 362(d)(4), for *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two years by the Debtor herein, Dana Heines or any other person or entity with an interest in the Property shall not operate as a stay as to Movant's enforcement of its rights in and to 231 Roosevelt Avenue f/k/a 4582 Roosevelt Avenue,

Acra t/o Cairo, NY 12405 (the "Property") and after due and sufficient service and notice, the Court having held a hearing on the Motion on November 21, 2019 and on December 19, 2019 and upon debtor filing opposition and, after due deliberation, the Court having determined that the filing of the Debtor's bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings by the Debtor and Co-Debtor affecting the Property; and good and sufficient cause appearing, including the failure of the Borrower and Debtor to perform their duties as a debtor under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property, it is

**ORDERED** the Co-Debtor stay in effect pursuant to 11 U.S.C. § 1301(a) is hereby modified to allow Secured Creditor its successors and/or assigns to commence and/or continue with a foreclosure action and eviction proceeding with regard to the Property; and its further

**ORDERED** that, the automatic stay, pursuant to 11 U.S.C. § 362(a), is hereby vacated for cause pursuant to 11 U.S.C. § 362(d) as to Select Portfolio Servicing, Inc. as servicer for The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 its agents, assigns or successors-in-interest, may take any and all actions under applicable state law necessary to continue its foreclosure proceedings against the Property without further application to this Court; and it is further

**ORDERED** that, under 11 U.S.C. § 362(d)(4), and provided that this order is recorded in conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to Secured Creditor's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the

date of this order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Secured Creditor's interest in the Property; and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED** that the Secured Creditor shall promptly report and turn over to the Chapter 13 Trustee any surplus monies realized by any sale of the Property.